IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALLEN NASH,                )<br>     ID # 52304-177,         )<br>          Movant,              )<br>                                    )<br>vs.                                )<br>                                    )<br>UNITED STATES OF AMERICA, )<br>          Respondent.         ) | No. 3:20-CV-66-B-BH<br>No. 3:15-CR-478-B(1)<br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the second *Final Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on February 10, 2021 (doc. 59). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice.

**I.   BACKGROUND**

Allen Nash (Movant) challenges his federal conviction and sentence in Cause No. 3:15-CR-478-B(1). The respondent is the United States of America (Government).

**A.   Conviction and Sentencing**

After initially being charged by complaint and indictment, Movant and co-defendants were charged by superseding indictment on August 16, 2016, with sex trafficking of children in violation of 18 U.S.C. § 1591(a) and (b)(2) (Count One); transportation of a minor to engage in commercial sex acts in violation of 18 U.S.C. § 2423(a) (Count Two); being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Three); sex trafficking through force, fraud, or coercion in violation of 18 U.S.C. § 1591(a) and (b)(1) (Count Four); and

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

conspiring to commit sex trafficking in violation of 18 U.S.C. § 1594(c) (Count Five). (*See* doc. 36.)[2]  After a trial on April 2-6, 2018, a jury found him guilty of all five counts. (*See* docs. 198, 265-67, 270-71.)  He was sentenced to concurrent sentences of life imprisonment on Counts One, Two, Four, and Five, and to 120 months on Count Three, to be followed by a five-year term of supervised release.  (doc. 251 at 2-3.)[3]  His sentence was to run consecutively to an undischarged term of imprisonment in Dallas County, Texas, and any future sentence in an unrelated case in Caddo Parish, Louisiana, and concurrently with a case in Caddo Parish, Louisiana, that was related to his federal case.  (*See id.* at 2.)

On October 19, 2018, Movant appealed the judgment to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit).  (*See* doc. 246.)   His appointed appellate counsel "argue[d] that the district court erroneously denied his motion to sever the charge of being a felon in possession of ammunition from the other charges," and "improperly denied his constitutional right to self-representation after he clearly and unequivocally invoked that right." *United States v. Nash*, 785 F. App'x 228, 228 (5th Cir. 2019).  The Fifth Circuit affirmed the judgment on November 15, 2019.  *Id.* at 229.  Movant did not file a petition for a writ of certiorari in the Supreme Court of the United States.

**B.**     **Substantive Claims**

In his final amended § 2255 motion,[4] Movant raises two grounds:

---

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:15-CR-478-B(1).

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[4] Movant filed his original § 2255 motion on January 10, 2020.  (*See* No. 3:20-CV-66-B-BH, doc. 1.)  On May 29, 2020, his May 27, 2020 motion to amend the § 2255 motion was granted, and he was ordered to file a final amended § 2255 motion within 30 days of the order.  (*See id.*, docs. 19-20.)  He filed an amended § 2255 motion on June 12, 2020, and then filed his first final amended § 2255 motion on June 16, 2020.  (*See id.*, docs. 24-25.)  On October 22, 2020, Movant was granted leave to file supplemental material facts in support of his § 2255 reply, and he was notified

2

    (1) [F]actually innocent of all charged crimes; and

    (2) Ineffective assistance of counsel.

(No. 3:20-CV-66-B-BH, doc. 59 at 7.)  On February 19, 2021, the Government filed a response. (*See id.*, doc. 62.)  Movant filed a reply on March 11, 2021. (*See id.*, doc. 66.)

## II.     SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default

---

that briefing in the case was complete and no additional filings were necessary. (*See id.*, docs. 38-40.)  Despite the October 22, 2020 order, Movant proceeded to file a series of motions, supplements, and notices, to add to, support, or amend his claims. (*See id.*, docs. 40-41, 43, 47-48, 50.)  On January 13, 2021, Movant was given a final opportunity to again file a final amended § 2255 motion setting forth all of the claims that he sought to pursue in one filing, because it was no longer clear which claims he was continuing to pursue and which were abandoned. (*See id.*, doc. 51 at 2.)  He also was warned that he would not be granted further opportunities to amend his motion, and that any submissions not specifically permitted by the order would either be returned to him or would not be considered. (*See id.*, doc. 51 at 2-3.)  Movant submitted his second final amended § 2255 motion on February 10, 2021.  (*See id.*, doc. 59.)  Since then, he has continued to file motions and supplements to add to or support the claims in his second final amended § 2255 motion.  (*See id.*, docs. 61, 68, 70-71, 73-74, 76-77, 79, 81, 83, 85, 87-88, 91.)  The motions have been denied as redundant, unnecessary, and not permitted.  (*Id.*, docs. 63, 69, 72, 75, 78, 80, 82, 84, 86, 89, 92.)

3

doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. ACTUAL INNOCENCE

In his first ground, Movant argues that he is "factually innocent of all charges." (No. 3:20-CV-66-B-BH, doc. 59 at 7.) He claims that there was no trial evidence "that the alleged victim R.J. was under the age of 18 years old, that [M]ovant used force, threats of force, fraud, or coercion to cause the alleged victim R.J. to engage in a commercial sex act, that [M]ovant agreed or planned to commit 1591, that [M]ovant transported the alleged victim R.J. across state line [sic] with the intent that R.J. engage in a commercial sex act." (*Id.*, doc. 66 at 1; *see also id.*, doc. 59 at 11.) He also argues that "there was no trial evidence that [M]ovant shipped, transported, received, or had possession of the ammunition" or firearm for which he was charged. (*Id.*)

Both the Supreme Court and the Fifth Circuit have held that a stand-alone claim of actual innocence is not a ground for habeas relief absent an independent constitutional violation. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000); *United States v. Shepherd*, 880 F.3d 734, 740 (5th Cir. 2018) (recognizing that Fifth Circuit habeas "caselaw does not recognize freestanding actual innocence claims."). Even if a "truly persuasive" showing of actual innocence warranted federal habeas relief, the threshold would be "extraordinarily high." *Herrera*, 506 U.S. at 417.

Movant has not met this high burden. A claim of "[a]ctual innocence means 'factual innocence, and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Movant generally states that he is "factually innocent," and in support asserts only conclusory statements denying the existence

of any evidence relating to each count of conviction. Counts One and Two identified the minor victim as Jane Doe; victim R.J. was identified in connection with Counts Four and Five, which were not offenses involving a minor. (*See* doc. 36.) At trial, minor victim Jane Doe testified that she was 17 years old when Movant recruited her to engage in commercial sex acts for him; he knew she was 17 years old; he drove from Shreveport, Louisiana, to Dallas, Texas, to pick her up and drive her back to Shreveport so she could perform commercial sex acts for him; she saw bullets in the cupholder of Movant's car during the drive to Shreveport, which he explained were from a gun he used in a shootout; he told her about a girl he had purchased from another pimp; he showed her pictures of the same girl after he had beaten her up; he threatened and hit victim R.J.; and he kept all of the money Jane Doe and R.J. received when they engaged in commercial sex acts. (doc. 266 at 92, 95-96, 117-22, 128, 169-73, 183). R.J. testified at trial that she agreed to Movant's request that she engage in sex acts for money; he was violent towards her in connection with her engaging in commercial sex acts for him; he had a gun with which he would sometimes threaten and beat her; and she was not free to leave him. (*See id.* at 260-63, 267-68, 284-85.)

Movant's conclusory and unsubstantiated allegations in support of his alleged actual innocence are refuted by the record and fail to demonstrate that he is entitled to § 2255 relief. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"). His claim should be denied.

## IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In his second ground, Movant argues that appellate counsel was ineffective because he "failed to argue based on controlling precedent, therefor [sic] caused [M]ovant to be denied on appeal." (No. 3:20-CV-66-B-BH, doc. 59 at 11.) His reply clarifies that "on direct appeal[,] counsel failed to argue that there was no connection between the ammunition and the other counts, nor was there trial evidence of a search or arrest in the Dallas division of Texas that would connect [M]ovant to the ammunition, and due to the misjoinder the [G]overnment was allowed to offer evidence at the trial that [M]ovant has a prior felony conviction, which was prejudicial and inadmissible[.]" (*Id.*, doc. 66 at 1.) He states that "but for this failure [M]ovant would have been granted a new trial on all counts." (*Id.*)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be

determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts*, 469 U.S. at 396. Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*. Under *Strickland*, the movant must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge

"would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

A.     **Controlling Precedent**

Movant first contends that appellate counsel was ineffective because he "failed to argue based on controlling precedent," which resulted in his appeal being denied. (No. 3:20-CV-66-B-BH, doc. 59 at 11.) He does not identify any controlling precedent that appellate counsel should have argued or demonstrate resulting prejudice.[5] His conclusory claim does not entitle him to relief. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989). Movant's claim should be denied.

B.     **Relationship of Ammunition Count to Other Counts**

Movant contends that appellate counsel "failed to argue that there was no connection between the ammunition and the other counts." (No. 3:20-CV-66-B-BH, doc. 66 at 1.) To the contrary, appellate counsel filed a merits brief and argued that the ammunition for which Movant was charged in Count Three was not relevant to Counts One and Two. *See* Brief for Appellant Nash, 2019 WL 2024729, at *26. Because appellate counsel specifically argued the absence of any connection between the ammunition and these counts, Movant's claim is without merit as to Counts One and Two, and he is not entitled to § 2255 relief.

---

[5] In one of his motions to supplement that was denied, Movant stated that appellate counsel "failed to argue based on *United States v. Holloway*, 1 F.3d 307 [(5th Cir. 1993)]." (No. 3:20-CV-66-B-BH, doc. 61 at 2; *see also id.*, doc. 63.) Even if this argument is considered, it is without merit because appellate counsel specifically analyzed and applied *Holloway* to Movant's circumstances. *See* Brief for Appellant Nash, *Nash*, 785 F. App'x 228 (No. 00514945007), 2019 WL 2024729, at * 24-28 (5th Cir. 2019). This claim is also subject to denial.

Regarding Counts Four and Five, the record shows that there was trial testimony connecting the ammunition and the charges. Jane Doe testified that she saw bullets in Movant's vehicle when he drove her to Shreveport, and that he told her they were related to a shootout he had with a client over another girl who worked for him. (*See* doc. 266 at 119-21.) There was also testimony that Movant threatened and beat R.J. with a gun, and that bullets were recovered from the hotel room in which Movant and the victims were staying and operating when they were arrested. (*See, e.g.*, *id.* at 268, 284-85; doc. 267 at 224-26, 254-56.) Based on the record, Movant has not shown that an argument on appeal that there was no connection between the ammunition and Counts Four and Five was meritorious. Accordingly, appellate counsel was not deficient for failing to raise a meritless claim on appeal. *See Phillips*, 210 F.3d at 348 (holding that attorneys do not render deficient representation by failing to present meritless claims on appeal). Further, *Strickland* "[p]rejudice does not result from appellate counsel's failure to assert meritless claims or arguments." *Auvenshine v. Davis*, No. 4:17-CV-294-Y, 2018 WL 2064704, at *4 (N.D. Tex. May 3, 2018). Movant is not entitled to § 2255 relief as to Counts Four and Five.

Movant's claim regarding the ammunition should be denied.[6]

## C.  **No Trial Evidence of Search or Arrest in Dallas Division**

Movant also argues that there was no "trial evidence of a search or arrest in the Dallas division of Texas that would connect [M]ovant to the ammunition." (No. 3:20-CV-66-B-BH, doc. 66 at 1.)

As discussed, evidence was presented at trial connecting Movant to the ammunition. This evidence included testimony about bullets in his car when he drove Jane Doe from Dallas to

---

[6] Movant's reply contends that "at the trial, the evidence bag containing the charged ammunition was marked as being seized on 10-17-14[.]" (No. 3:20-CV-66-B-BH, doc. 66 at 1.) To the extent this statement is a separate basis for his claim of ineffective assistance of appellate counsel, his conclusory allegation is insufficient to warrant § 2255 relief. *See Miller*, 200 F.3d at 282; *Woods*, 870 F.2d at n.3.

9

Shreveport. (*See* doc. 266 at 119-20.) Because there was evidence connecting him to the ammunition and Dallas, Movant has not shown that arguing the absence of a search or arrest in Dallas to connect him to the ammunition was meritorious. Appellate counsel is therefore not deficient for failing to raise this meritless claim on direct appeal. *See Phillips*, 210 F.3d at 348. Further, even if appellate counsel's performance had been deficient, Movant has failed to demonstrate a reasonable probability that, but for counsel's deficient performance, he would have prevailed on his appeal. His conclusory statements of prejudice are insufficient to obtain relief. *See Miller*, 200 F.3d at 282. Movant is not entitled to § 2255 on this claim and it should be denied.

**D.     Misjoinder**

Movant also appears to contend that appellate counsel was ineffective for failing to argue that, "due to the misjoinder [of Count Three] the [G]overnment was allowed to offer evidence at trial that [M]ovant has a prior felony conviction, which was prejudicial and inadmissible[.]" (No. 3:20-CV-66-B-BH, doc. 66 at 1.) Contrary to Movant's contention, appellate counsel made this exact argument in his first issue on appeal, which stated, "The district court erred in failing to sever Count 3 from the remaining counts in the indictment and thus allowed the jury to improperly hear that [Movant] was a convicted felon." Brief for Appellant Nash, 2019 WL 2024729, at *2, 21; *see also id.* at *21-28; *Nash*, 785 F. App'x at 228. The Fifth Circuit rejected the argument, holding that "given the location and timing of law enforcement's discovery of the ammunition in this case, the district court did not abuse its discretion in denying the motion to sever. [Movant] has not shown clear, specific, and compelling prejudice that rendered his trial unfair." *Nash*, 785 F. App'x at 228 (citations omitted).

Because a ground that was raised and rejected on direct appeal cannot be raised in a § 2255 motion, Movant cannot obtain relief under § 2255 on this claim, and it should be denied. *See*

*United States v. Fields*, 761 F.3d 443, 466 (5th Cir. 2014).

## V. OTHER CLAIMS

As discussed, Movant was ordered, on two separate occasions, to file a final amended § 2255 motion setting out all of the claims he was seeking to assert, regardless of whether he had previously asserted them or whether they were new grounds, in order to avoid piecemeal consideration of his various filings and amendments. (*See* 3:20-CV-66-B-BH, docs. 20, 51.) Notwithstanding these orders, he continued to file numerous repetitive motions for leave to amend and supplement his final amended complaints with single sentences or paragraphs, and he was repeatedly admonished that his attempt to assert his claims in this manner presented a moving target that complicated and delayed consideration of his claims. (*See id.*, docs. 40-41, 43, 47-48, 50, 61, 63, 68-89, 91-92.) Despite the order to include all claims that he sought to assert in one final amended motion, Movant's second final amended § 2255 motion did not include certain claims that were in earlier § 2255 motions, i.e., other instances of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, constitutional violation of his privilege against self-incrimination, and imprisonment in violation of law. (*See id.*, docs. 1, 25, 33, 48, 50.) Even if he intended to continue to assert these original claims, Movant has not shown that he would be entitled to relief on any of them because each one is conclusory. Conclusory allegations are insufficient to warrant habeas relief. *See Miller*, 200 F.3d at 282; *Ross*, 694 F.2d at 1011; *Koch*, 907 F.2d at 530. Accordingly, to the extent they should be considered, the § 2255 claims Movant asserted in his numerous motions and filings that were not included in the current § 2255 motion, should be denied.

## VI. EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing, none is required when "the motion and

the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted); *see United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue.  He also has failed to come forward with independent indicia in support of the likely merit of his claims.  *See Reed*, 719 F.3d at 373.  He has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## VII.    RECOMMENDATION

The second *Final Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on February 10, 2021 (doc. 59), should be **DENIED** with prejudice.

**SIGNED this 26th day of August, 2021.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE