IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALLEN NASH, ) | |
|    ID # 52304-177, ) | |
|       Movant, ) | |
| ) | No. 3:20-CV-66-B-BH |
| vs. ) | No. 3:15-CR-478-B(1) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|       Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the *Amendment to Objections the the* [sic] *magistrate recomendations* [sic], received on September 13, 2021 (doc. 108), the *Correct objections to the magistrate findings and recomendation* [sic], received on September 14, 2021 (doc. 109), and the *Clarifying objections to the magistrate findings and recomendation* [sic], received on September 14, 2021 (doc. 110). Based on the relevant filings and applicable law, the filings should be construed as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**I.   BACKGROUND**

Allen Nash (Movant) filed a federal habeas petition under 28 U.S.C. § 2255 that was received on January 10, 2020. (*See* doc. 1.) After a series of motions, supplements, and notices to supplement, support, or amend his claims, and after two orders to file a final amended § 2255 motion setting forth all claims he sought to pursue in one filing, Movant filed a second final amended § 2255 motion on February 10, 2021.[2] (*See* doc. 59.) On August 26, 2021, it was

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Before filing his second final amended § 2255 motion, Movant was warned that he would not be granted further opportunities to amend his motion, and that any submissions not specifically permitted by the order would either be returned to him or would not be considered. (*See* doc. 51 at 2-3.) Nevertheless, he has continued to file motions and supplements to add to or support the claims in his second final amended § 2255 motion. (*See* docs. 61, 68, 70-71, 73-74, 76-77, 79, 81, 83, 85, 87-88, 91, 94-96, 98-99, 101-102.) The motions have been denied as redundant, unnecessary,

recommended that the § 2255 motion be denied with prejudice. (*See* doc. 93.) Movant filed objections to the recommendation that were received on September 8, 2021. (*See* doc. 104.) The recommendation was accepted over his objections, the § 2255 motion was denied with prejudice, and judgment was entered on September 10, 2021. (*See* docs. 105, 106.)

Movant now objects to the August 26, 2021 recommendation, alleging facts he claims "are material to the legality of Movant's convictions." (doc. 108 at 1; doc. 109 at 2; doc. 110 at 3.) He also appears to argue that his first final amended § 2255 motion, received on June 16, 2020, was not decided on the merits. (*See* doc. 108 at 1; doc. 109 at 2.)

## II. NATURE OF FILING

Movant's filings are postmarked either prior to or on the date the recommendation was accepted, and none of the three filings mentions the acceptance of the recommendation or the entry of judgment. (*See* docs. 108-110.)3 Because they were received within 28 days of the entry of judgment, they should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 F.

---

and not permitted. (*Id.*, docs. 63, 69, 72, 75, 78, 80, 82, 84, 86, 89, 92, 97, 100, 103.)

3 *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).

App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

### III. FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

In his objections to the recommendation that his claims be dismissed, Movant again raises the same factual allegations and arguments that he raised in his second final amended § 2255 motion, and that he has previously asserted and reasserted numerous times. He does not allege new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. His first filing focuses on appellate counsel's alleged misstatement that ammunition was found in his room by law enforcement on October 8, 2014, and alleged failure to show there was no evidence: (1) that victim R.J. was under 18 years old at the time of the offenses of conviction; (2) that he "used force, fraud, or coercion to cause R.J. to engage in the December 1, 2014, Prostitution transaction at the Dollhouse"; (3) "of a conspiracy to commit 1591, related to the December 1,

3

2014, transaction"; and (4) regarding where the ammunition seized by an agent of the United States Department of Homeland Security on October 17, 2014 was found or linking it to Movant. (*See* doc. 108 at 1-2.) His second and third filings again argue that appellate counsel erred by stating that the ammunition was found in his room by local law enforcement on October 8, 2014, and they add allegations that appellate counsel failed to state that R.J. was 18 years old in 2014, that R.J. was arrested for prostitution in December 2014, that "Movant put R.J. in the Dollhouse to find commercial sex customers," and that the ammunition was seized on October 17, 2014. (*See* docs 109, 110.) As discussed in the recommendation, Movant's conclusory denials of the existence of evidence relating to each count of conviction were refuted by the record. (*See* doc. 93 at 4-5.) The recommendation also noted that Movant was not entitled to § 2255 relief on his conclusory claims. (*See id.* at 5, 8, 10-11.) His attempts to rehash the same arguments from his § 2255 motion and previous filings do not warrant relief under Rule 59(e). *See Templet*, 367 F.3d at 479.

      To the extent Movant's filings may be liberally construed to argue that his first final amended § 2255 motion, received on June 16, 2020, was not decided on the merits, his argument fails. (*See* doc. 25; doc. 108 at 1; doc. 109 at 2.) His June 16, 2020 filing was superseded by his second final amended § 2255 motion, filed on February 10, 2021. *See, e.g.*, *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); *Clark v. Tarrant Cnty.*, 798 F.2d 736, 740 (5th Cir. 1986) (holding that an amended filing entirely supersedes and takes the place of the original filing). The second final amended § 2255 motion was therefore the operative motion in this habeas action. As noted, he was specifically ordered to assert all the claims he sought to have considered in his second final amended motion. Notwithstanding the admonitions to him, and even if the

second final amended § 2255 had not superseded Movant's June 16, 2020 motion, the recommendation expressly noted that to the extent his claims in his prior filings should be considered, they were conclusory and did not entitle him to § 2255 relief, so they should be denied as well. (*See* doc. 93 at 11.)

Because Movant has not shown the availability of new evidence not previously available, or that a manifest error of law or fact was made, he has not shown that he is entitled to relief under Rule 59(e).

## IV. RECOMMENDATION

The *Amendment to Objections the the* [sic] *magistrate recomendations* [sic], received on September 13, 2021 (doc. 108), the *Correct objections to the magistrate findings and recomendation* [sic], received on September 14, 2021 (doc. 109), and the *Clarifying objections to the magistrate findings and recomendation* [sic], received on September 14, 2021 (doc. 110), should be construed as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 17th day of September, 2021**.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE