IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALLEN NASH, )<br>    ID # 52304-177, )<br>        Movant, )<br> ) | No. 3:20-CV-66-B-BH |
| vs. ) | No. 3:15-CR-478-B(1) |
| ) | |
| UNITED STATES OF AMERICA, )<br>        Respondent. ) | Referred to U.S. Magistrate Judge[1] |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Motion to alter or amend Judgment under rule 59(e)*, received on October 4, 2021 (doc. 120). Based on the relevant filings and applicable law, the motion should be **DENIED**.

I.   BACKGROUND

Allen Nash (Movant) filed a federal habeas petition under 28 U.S.C. § 2255 that was received on January 10, 2020. (*See* doc. 1.) After a series of motions, supplements, and notices to supplement, support, or amend his claims, and after two orders to file a final amended § 2255 motion setting forth all claims he sought to pursue in one filing, Movant filed a second final amended § 2255 motion on February 10, 2021.[2] (*See* doc. 59.) On August 26, 2021, it was recommended that the § 2255 motion be denied with prejudice. (*See* doc. 93.) Movant filed objections to the recommendation that were received on September 8, 2021. (*See* doc. 104.) The

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Before filing his second final amended § 2255 motion, Movant was warned that he would not be granted further opportunities to amend his motion, and that any submissions not specifically permitted by the order would either be returned to him or would not be considered. (*See* doc. 51 at 2-3.) Nevertheless, he has continued to file motions and supplements to add to or support the claims in his second final amended § 2255 motion. (*See* docs. 61, 68, 70-71, 73-74, 76-77, 79, 81, 83, 85, 87-88, 91, 94-96, 98-99, 101-102.) The motions have been denied as redundant, unnecessary, and not permitted. (*Id*., docs. 63, 69, 72, 75, 78, 80, 82, 84, 86, 89, 92, 97, 100, 103.)

recommendation was accepted over his objections, the § 2255 motion was denied with prejudice, and judgment was entered on September 10, 2021. (*See* docs. 105, 106.) Movant now moves to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). (*See* doc. 120.)

## II.   FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, the substance of Movant's Rule 59(e) states:

> At trial the alleged victim R.J. testified that she was 18 years old in 2014, (See Doc No. 266 at 258) R.J. testified that she was arrested on December 1st, 2014, for Prostitution in Dallas County by the Dallas Police department and around November 2015, the charge was dismissed (See Doc No. 267 at 32-33, 148) The government called ATF Agent Scott Satcher, Satcher testified to government's Exhibit 16 which is a photo of four bullets. (See Doc No. 270 at 105) At trial the government failed to Prove Pititioner's [sic] guilt beyond a reasonable doubt (See, Doc. 223-224). In violation of the fith [sic] amendment.

(doc. 120 at 1.) He does not allege new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. He instead references factual allegations and arguments which he raised in his second final amended § 2255 motion, and that he has previously

2

asserted and reasserted numerous times. As discussed in the recommendation, Movant's conclusory allegations that there was no evidence relating to each count of conviction were refuted by the record. (*See* doc. 93 at 4-5.) The recommendation also noted that Movant was not entitled to § 2255 relief on his conclusory claims. (*See id.* at 5, 8, 10-11.) His conclusory statements and attempts to rehash the same arguments from his § 2255 motion and previous filings here do not warrant relief under Rule 59(e). Further, the trial testimony cited by Movant is not "new evidence" for purposes of Rule 59(e) relief.

Because Movant has not shown the availability of new evidence not previously available, or that a manifest error of law or fact was made, he has not shown that he is entitled to relief under Rule 59(e).

### III.   RECOMMENDATION

The *Motion to alter or amend Judgment under rule 59(e)*, received on October 4, 2021 (doc. 120), should be **DENIED**.

**SIGNED this 6th day of October, 2021.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE